In the Matter of the Claim of ALBERT JENNINGS, Respondent, against THEODORE VISSCHER and Others, Appellants.
STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1926.

Workmen's compensation — coverage — claimant, employed as janitor and handy man, was injured while returning from bank with money — declaration of employer accompanying policy listed claimant as janitor only — claimant was not covered — work was not incidental to that of janitor.

The claimant who was employed as janitor and handy man and who was injured while returning from a bank with money for his employer was not covered by the policy issued by the carrier, since it appears that in the declarations accompanying the policy the claimant's duties were described as being " incidental to the care, custody and maintenance of the premises," and since the work in which he was engaged at the time of the injury was not the work of a janitor; the policy covered only one-half of the claimant's employment.

Claimant's work as handy man was not incidental to his work as a janitor, since it appears distinctly that he was engaged to work in both capacities and was paid accordingly, and that the work in which he was engaged in at the time of the injury was not the work of a janitor.

APPEAL by Theodore Visscher and others from an award of the State Industrial Board, made on the 7th day of August, 1925.

*Dean, King & Smith* [*William J. Smith* and *George M. Welch* of counsel], for the appellants Visscher and another.

*Pettigrew & Glenney* [*Walter L. Glenney* and *Laurence C. Stryker* of counsel], for the appellant, insurance carrier.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the State Industrial Board.

27

COCHRANE, P. J.   The question here is whether the accident is covered by the insurance policy.   The claimant was struck by an automobile August 8, 1924, while returning from the bank where he had been sent to procure money for his employers.   They were architects who leased a four-story building where they conducted their operations.   Although having in their employ eight or nine persons they declined to take insurance except in respect to the claimant.   No other employee was covered.   In their declarations accompanying the policy they described his duties as follows: "All operations incidental to the care, custody and maintenance of the premises."   This statement was contained in one of five " divisions " in the declarations denominated "all industrial operations upon the premises."   None of the other " divisions " were filled out although one of them was denominated " operations not on the premises " and included in its classification " messengers (wherever engaged) who do not deliver merchandise."   No employment within this classification was indicated.   The policy itself was not received in evidence and we are, therefore, deprived of any assistance it might render in throwing light on the proper construction of the accompanying declarations of the employers.   The duties of the claimant were described by one of the employers as follows: " Q. What were the claimant's duties in August, 1924?   A. To take care of the building, and take the place of general assistant, doing errands and attending to the telephone when the regular man was out, and seeing people when they came in — general handy man.   Q. General handy man?   A. Yes.   Q. This included the running of errands?   A. Yes.   Q. And that errand he went on to the bank was included in his employment?   A. Yes.   He delivered drawings and did all that kind of work there was to be done."   The Board found in accordance with the testimony: "Albert Jennings was employed as a janitor and also to run errands." His employment originally had been solely as janitor for which he had been paid thirty dollars a month and was given the use of an apartment in the building.   Subsequently but before the accident his duties had been enlarged as described in the above-quoted testimony and his compensation increased to twenty dollars a week and the use of the apartment.   The Board found that his average weekly wage at the time of the accident was twenty-five dollars and thirty-eight cents which included the value of the use of the apartment in addition to the weekly payment of twenty dollars. Comparing this with his compensation when he was employed solely as janitor it appears that when he was given the additional duties his compensation, taking into consideration the use of the apartment, was doubled and that the value of his services as janitor

did not exceed the value of his services in his capacity of running errands. When the employers, therefore, in their declarations described his duties as being " incidental to the care, custody and maintenance of the premises " they only described half of his duties. There was nothing in that statement to put the insurer on notice that the claimant was under a general employment to act as messenger or " general handy man " as described by one of the employers in his testimony above quoted or " to run errands " as found by the Board. It was in this latter capacity that he was acting when he met with his accident. There is evidence that the brokers who negotiated the insurance were told that the claimant was to be covered in respect to all of his duties but this fact was not conveyed to the insurance company nor disclosed by the employers in their declarations. We think the language used in the declarations to describe the work of claimant cannot fairly be construed to mean such work as he was doing at the time of the accident. The language is clear and unambiguous and no one would infer therefrom that it included street errands or the general work of a messenger. As previously pointed out, " the care, custody and maintenance of the premises " constituted only half of the duties of claimant and the employers in their declarations should have specified or indicated the other half. In their report of the accident in answer to the question: " What was injured person's regular occupation? " they had no difficulty in answering concisely and comprehensively: " Janitor and handy man." Had they been equally careful and accurate in their declarations the present difficulty would have been obviated. The declarations do not foreshadow or naturally indicate employment as messenger or " handy man " or " to run errands." It is argued, however, that the errand of claimant to the bank was incidental to his work as janitor, because the money he had there procured amounting to $400 " was the payroll," to use his expression, and it is assumed that this " payroll " included his own compensation although there is no evidence that he was to be paid with the money thus procured. But assuming such to be the fact it would seem to be a complete answer to this argument that the errand to the bank was part of the general duties of claimant " to run errands," for which he had been specially employed and for which he was compensated equally with his compensation as janitor. His errand to the bank was not, therefore, incidental to any other employment. The employer testified " he delivered drawings and did all that kind of work there was to be done." Whether he was out in the street delivering drawings or going to the bank for money, in either case he was performing work for which he had been specifically employed. As

janitor he could not be required either to go to the bank or to deliver drawings. That was work which he was primarily and not incidentally obligated to perform under the express provisions of his contract of employment. But the employers in their declarations did not so inform the insurer. Furthermore, although it may have been the expectation that the money which claimant was taking to his employers was to be used to pay the employees, including himself, that expectation was not controlling. The money had not been set apart or appropriated for the payment of salaries or wages and the employers were at liberty to change their minds and use it for any purpose. From a legal standpoint the real transaction was that the claimant was taking the money to his employers to be used by them indiscriminately in their business.

The award as to the employers should be affirmed, without costs, and as to the insurance carrier reversed and claim dismissed, with costs against the State Industrial Board.

All concur.

Award as to the employers affirmed, without costs, and as to the insurance carrier reversed and claim dismissed, with costs against the State Industrial Board.